1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONNIE YINGLING,

Defendant.

Case No. 17-cr-00388-SI-1

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Re: Dkt. No. 88

Before the Court is defendant Donnie Yingling's pro se motion for compassionate release from custody, filed September 24, 2021. Dkt. No. 88. The Court appointed counsel to represent defendant after the United States filed its opposition. Dkt. No. 90. Upon careful consideration of the arguments raised in the briefings, the Court DENIES defendant's motion, without prejudice.

**BACKGROUND**

On August 23, 2018, Yingling pled guilty to conspiracy to deal in firearms without a license, 18 U.S.C. § 371, dealing in firearms without a license, 18 U.S.C. § 922(a)(1)(A), and possession with the intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). Dkt. No. 53. The Court sentenced Yingling to 84 months imprisonment followed by a five-year term of supervised release. Dkt. No. 78. Yingling is presently incarcerated at Lompoc USP with a projected release date of January 10, 2024. Dkt. No. 94-1 ¶ 2. Yingling has served approximately 50% of his sentence.

On September 24, 2021, Yingling filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion's primary ground for relief is that Yingling's mother has terminal cancer and that Yingling needs "to be there" because his only other sibling lives out of

United States District Court
Northern District of California

1    state.  Dkt. No. 88 at 5.  The motion also describes ongoing COVID lockdowns at Lompoc USP as

2    "uniquely harsh conditions."  Dkt. No. 94 at 10 (Reply).  Yingling argues COVID lockdowns "took

3    away opportunities to reduce his sentence beyond good time credits" by eliminating recidivism

4    reduction programming or productive activities.  *Id*. at 14.

5         The government filed its opposition on October 1, 2021.  As an initial matter, the government

6    argues Yingling failed to properly exhaust administrative remedies as required by section

7    3582(c)(1)(A).  The government then argues Yingling's criminal history and percentage of time

8    served should weigh against compassionate release.  Yingling absconded when he was out on bond

9    pending the charges in this case; when police stopped him in Texas, he had 35 pounds of marijuana

10   and a sawed-off shotgun in his car.  Dkt. No. 60 ¶ 58 (PSR).  At present, Yingling has served 49

11   months of his 84 months sentence.  Finally, the government submits that needing to care for a

12   terminally ill parent cannot constitute an "extraordinary and compelling" reason for release.

13

14                                      **LEGAL STANDARD**

15        As amended, the First Step Act permits district courts to modify terms of imprisonment

16   "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the

17   defendant has fully exhausted all administrative rights ... after considering the [applicable] factors

18   set forth in section 3553(a) ... if it finds that ... extraordinary and compelling reasons warrant such

19   a reduction."  18 U.S.C. § 3582(c)(1)(A).  Congress, however, provided no statutory definition of

20   "extraordinary and compelling reasons."  *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

21   Instead, Congress left it to the Sentencing Commission to promulge policy statements regarding

22   what circumstances qualify as extraordinary and compelling.  *Id*.  The most applicable policy

23   statement is found in USSG § 1B1.13, which provides that "upon motion from the Director of the

24   Bureau of Prisons," the Court may reduce a term of imprisonment based on defendant's terminal or

25   serious medical conditions, the defendant's age, family circumstances, or "other reasons."  USSG §

26   1B1.13 (Note 1).  While USSG § 1B1.13 is not a binding "applicable policy statement" for motions

27   brought by defendants, *Aruda*, 993 F.3d at 802, the policy statement may nonetheless "inform a

28   district court's discretion."  *Id*.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DISCUSSION**

Upon reviewing Yingling's subsequent submissions, the Court finds Yingling exhausted administrative remedies by submitting a request with the warden on July 28, 2021. Dkt. No. 94, Ex. B. Accordingly, the court will next consider whether "extraordinary and compelling reasons" warrant a reduction in Yingling's sentence.

The Court declines to adopt a categorical rule that a need to care for a terminally ill parent cannot constitute an extraordinary and compelling reason for relief. While other district courts in the Ninth Circuit have observed that an "intention to care for [an] ailing [parent] … does not fall within the scope of either prong under U.S.S.G. § 1B1.13," *United States v. Goodwin*, No. 4:18-CR-00072-DCN, 2021 WL 3751153, at *3 n 6 (D. Idaho Aug. 24, 2021), such cases are inapposite given *Aruda*'s holding that USSG § 1B1.13 is merely advisory. 993 F.3d at 802.

However, the Court finds relief unwarranted in Yingling's case. The Court expresses its deepest sympathies for Yingling's mother and recognizes the limitations federal confinement imposes on Yingling. However, due to the severity of the underlying offenses and Yingling's pre-trial flight, the Court finds it especially significant that Yingling has only served approximately half of his sentence. Relatedly, the Court cannot conclude, at the present moment, that the effects of ongoing COVID lockdowns constitute extraordinary and compelling reasons for relief.

Accordingly, the Court DENIES Yingling's motion for compassionate release without prejudice to renewal if his circumstances become materially different.

**IT IS SO ORDERED**.

Dated: December 13, 2021

_____
SUSAN ILLSTON
United States District Judge

3